■ DAN PISANI, Respondent, v NAOMI FOXWORTH, Defendant. ESTATE OF JOHN L. FLOURNOY, Nonparty Appellant.—In an action, *inter alia,* for the specific performance of a contract to sell real property, the Estate of John Flournoy appeals from an order of the Supreme Court, Westchester County (Marbach, J.), dated October 7, 1987, which denied its motion to be discharged as a stakeholder pursuant to CPLR 1006 (f) and to cancel a notice of pendency filed by the plaintiff.

Ordered that the order is affirmed, with costs.

The Supreme Court acted properly in denying the request by the Estate of John Flournoy (hereinafter the estate) for discharge pursuant to CPLR 1006 (f), inasmuch as the estate never commenced an action for interpleader *(see,* CPLR 1006 [a], [b]; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1006:1, at 5; Siegel, NY Prac § 148). The estate's request to cancel the plaintiff's notice of

pendency filed on the subject property was also properly denied, as the estate is not a party to the action and has no right to move for relief therein. In any event, the plaintiff is entitled to have the notice of pendency remain on file until such time as the defendant's interest in the premises is conveyed to him. Mangano, J. P., Eiber, Sullivan and Balletta, JJ., concur.